UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

TASHA HECK

    v.        Cause No.

SHERRI HEICHELBECH,
SHERIFF OF SPENCER
COUNTY, INDIANA; SPENCER
COUNTY SHERIFF DEPARTMENT

## COMPLAINT AND JURY TRIAL DEMAND

The Plaintiff, Tasha Heck, for her Complaint against the Defendants, states as follows:

### INTRODUCTION

1. The Plaintiff, Tasha Heck, brings these claims due to the failure of the Defendants to allow her access to her medications to prevent epileptic seizures while she was an inmate at the Spencer County Jail ("Jail") in Spencer County, Indiana.

2. At the time of her processing at the Jail and on multiple occasions thereafter, Ms. Heck told officers at the Jail she needed her medications to prevent seizures.

3. Despite her numerous requests, and for no valid reason, the officers at the Jail refused to allow her to take her medications.

4. She suffered a seizure approximately two days after arriving at the jail. She had not had any of her prescribed medications from the time she arrived at the Jail until the time of her seizure.

5. She spent several days in St. Vincent Hospital in Evansville, Indiana after the seizure.

6. Ms. Heck brings claims against the Defendants pursuant to both federal and state law for the injuries she suffered due to the Defendants' failure to allow her access to her medications while an inmate at the Jail.

## PARTIES

7. Ms. Heck is a resident of Warrick County, State of Indiana.

8. Indiana law provides that sheriffs are responsible for the operation of the jails in their counties. The Plaintiff's claims against Sheriff Heichelbech are brought against her in her official capacity.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's cause of action pursuant to Art. III of the United States Constitution and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over any state court claims pursuant to 28 U.S.C. § 1367.

11. This Court is the proper venue for the Plaintiff's cause of action as the as the events giving rise to the cause of action occurred in the judicial district of the Southern District of Indiana.

## FACTS

12. Ms. Heck was arrested on February 24, 2021 and transported to the Spencer County Jail.

13. Near the time of her arrival at the Jail, Ms. Heck informed the officers processing her, Defendants Matthew Holley and Sara Ketcham, that she suffered from seizures and needed to take her medication regularly. She informed the officers she was taking the following medications: Methadone, Kepra, and Depakot.

14. A jail official told Ms. Heck that she could not have her medicine until the jail nurse came to see her.

15. Ms. Heck made numerous requests to officers in the Jail that she be allowed to take her medications. She recalls making requests to Matthew Holley, Doug Holley, and Stella Blair and may have made requests to other jail employees.

16. Ms. Heck suffered a seizure on February 27, 2021 while still an inmate at the Jail.

17. She suffered a seizure because she had not been able to take her medications.

18. Ms. Heck had not seen the jail nurse prior to her seizure.

19. An ambulance took Ms. Heck from the Jail to St. Vincent Hospital in Evansville, Indiana for treatment after her seizure.

20. Ms. Heck was hospitalized at St. Vincent Hospital until March 7, 2021. She did not return to the Jail after she was released from the Hospital.

21. Ms. Heck received further medical care after hospitalization.

22.     Ms. Heck continues to suffer from symptoms related to February 27, 2021 seizure.

## COUNT I -VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

23.     The allegations of Paragraphs 1 through 22 are incorporated herein by reference.

24.     The actions of the Defendants as set forth herein violated Ms. Heck's rights granted by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

25.     Ms. Heck brings this claim against the Defendants pursuant to 42 U.S.C. § 1983.

26.     The Defendants' actions were objectively unreasonable.

27.     The Defendants were aware of Ms. Heck's immediate need for her medication yet refused to provide it to her. The Defendants had no rational basis for refusing to allow the Plaintiff to take her medication.

## COUNT II-NEGLIGENCE

28.     The allegations of Paragraphs 1 through 27 are incorporated herein by reference.

29.     The failure of the Defendants to provide Ms. Heck with her medications was negligent.

30.     Ms. Heck suffered personal injury due to the negligence of the Defendants.

**WHEREFORE**, the Plaintiff, Tasha Heck, respectfully requests this Court enter judgment in her favor and against the Defendants, compensating her for all damages due to her pursuant to 42 U.S. § 1983 and Indiana law state law, and for all other relief just and proper in the premises.

<u>/s/ James E. Stoltz</u>
James E. Stoltz
Attorney at Law
Attorney Number 22693-82
**GERLING LAW OFFICES, P.C.**
519 Main Street Evansville, IN 47708
Tel: 812.423.5251
Email: jim@gerlinglaw.com
Counsel for the Plaintiff

## JURY TRIAL DEMAND

The Plaintiff, Tasha Heck, pursuant to Rule 38 of the Federal Rules of Civil Procedure, respectfully requests trial by jury on all issues.

<u>/s/ James E. Stoltz</u>
James E. Stoltz
Attorney at Law
Attorney Number 22693-82
**GERLING LAW OFFICES, P.C.**
519 Main Street Evansville, IN 47708
Tel: 812.423.5251
Email: jim@gerlinglaw.com
Counsel for the Plaintiff